MILTON IPP AND HAROLD CLEMENT, PLAINTIFFS-RESPONDENTS, v. BRAWER BROTHERS SILK COMPANY ET AL., DEFENDANTS; DAVID E. BRAWER, DEFENDANT-APPELLANT.

Argued May 19, 1943—Decided September 16, 1943.

For the defendant-appellant, *Walscheid & Rosenkranz.*

For the plaintiffs-respondents, *Isadore Waks* and *Archibald Kreiger.*

The opinion of the court was delivered by

DONGES, J. This is an appeal from a judgment in favor of the plaintiffs-respondents and against defendant-appellant,

David E. Brawer, in the sum of $11,765, which was entered on a moulded verdict and on an allegation of a breach of the defendant's alleged warranty of authority to make an oral contract. The complaint alleged that on October 10th, 1941, the defendants David E. Brawer and Abraham Brawer, represented that they were agents for Brawer Brothers Silk Co., Inc., and authorized to sell for it certain sponges which it had owned for six or seven years; that the plaintiffs, relying on this representation, agreed to buy approximately 12,000 pounds of the sponges at a price of thirty-five cents per pound; that plaintiffs then took a part of the sponges and paid $100. Thereafter, when the plaintiffs went with a check for $2,000 to buy more sponges, they allege that they were informed that the sponges had been sold elsewhere and that there were no more for sale. The defendants assert that there had been no sale in bulk to plaintiffs or either of them, but that the only arrangement was that plaintiffs could buy any desired quantity from time to time if the owner still had some. There was a sharp conflict in the testimony as to the transaction between the parties.

Three points are argued by appellant. The first deals with the authority of the trial judge to mould the verdict of the jury into a verdict for a sum of money. The testimony on behalf of the plaintiffs was that the market price of the sponge at the time of the alleged sale was from $1.25 to $1.50 per pound. In the interrogatories propounded by plaintiffs to defendants, the question was asked as to the quantity in pounds sold to other purchasers and the answer was 13,280 pounds. The question was left to the jury as to whether, if plaintiffs recovered, they would be entitled to recover on the basis of $1.25 or $1.50 per pound. The jury returned the following verdict: "We the jury find the plaintiffs should be given the difference in price of 35 cents per lb. and the market price of $1.25, which is a difference of 90 cents per lb., with the exception of the goods already received."

The trial judge in his charge to the jury said: "In accordance with their theory and the interrogatories that are before you, there were 13,280 pounds left of this sponge. 13,280 pounds times 90 cents is $11,952, and 13,280 pounds at $1.15

a pound is $15,272, which they say they lost by reason of this breach of the warranty that he was authorized to sell on behalf of the Silk Company.

"Now, one of these sums, either 90 cents a pound or $1.15 a pound, whichever you conclude is the difference between the market value and the contract price, should be, of course, less the amount of money represented by the excess over the 300 pounds that they took in the beginning. 820 pounds at 35 cents a pound is $287, and they paid on account of that $100, which leaves a balance of $187, which, if the plaintiffs are entitled to recover, should be deducted from the amount that you find to be the total difference between the contract price of 35 cents a pound and the market value as of October 10th, 1941."

Further, he said: "If you take the plaintiffs' version of the arrangement and find that David Brawer did breach his implied warranty that he was authorized to sell this merchandise, then it would seem to me that the plaintiff would be entitled to either $11,952 less $187 that they have already received, or $15,272 less the $187."

No exception was taken to this charge nor to those figures as representing the amount of the verdict. It was simply a question of which of two figures, namely, 90 cents or $1.15, the plaintiffs were entitled to recover on the apparently adopted basis of 13,280 pounds, if plaintiffs were entitled to recover. The figures having been accepted by both parties and no objection being made to the charge of the court, which submitted a single question as to the basis for damage, if any, there was no impropriety in the trial judge taking the figures of the jury, on that question, and multiplying the amount of sponge, accepted by all parties as the correct number of pounds, in possession on the date of the violation of the contract, by that figure.

It is within the competence of the trial judge to mold the verdict to carry out the finding of the jury, in accordance with his instructions to the jury, and as assented to by all parties. In *Rossman* v. *Newbon,* 112 *N. J. L.* 261, this court said: "A verdict in a civil cause which is defective or erroneous in a mere matter of form, not affecting the merits

or rights of the parties, may be amended by the court to conform to the issues and give effect to what the jury unmistakably found." *Cf. Kilgus* v. *Wayne Co.,* 85 *Id.* 351; *Schwartz* v. *Eisner,* 111 *Id.* 132; *affirmed,* 112 *Id.* 383. We conclude there was no error in this action of the trial judge.

The next point is that it was error to refuse to direct a verdict for the appellant. There were originally three defendants, Brawer Brothers Silk Co., Inc., Abraham Brawer, and the appellant, David E. Brawer. Verdicts were directed for the corporation and Abraham Brawer.

Under the testimony, there was presented a question of fact as to whether or not David Brawer had represented himself as authorized to sell the sponge for the silk company, which as appeared in the testimony did not own the sponge. There was a sharp conflict in the testimony, but we are not presently concerned with a determination as to which party told the truth. We are concerned with the question of whether there was testimony to support plaintiffs' allegations. We conclude that there was and that there was no error in the refusal to direct a verdict for appellant.

The next point is that the trial court committed prejudicial error in refusing to strike out testimony of plaintiff Clement as to a conversation with Irvin Brawer in which settlement of the matter in controversy was discussed. Irvin Brawer testified on direct examination for defendants as to the details of this conversation. It appears from the testimony of both Clement and Irvin Brawer that the part of the conversation excepted to by appellant was in the presence of appellant and that he participated in it. Hence there was no error in permitting it to stand.

The judgment is affirmed.

*For affirmance*—THE CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 13.

*For reversal*—None.